UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARTIN SCHNALL, individually and on behalf of all others similarly situated,

              Plaintiff,

      v.

HSBC BANK NEVADA, N.A.,

              Defendant.

U.S.D.C. S.D.N.Y.
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: March 18, 2013

No. 11 Civ. 8942 (PAC)

**OPINION AND ORDER**

HONORABLE PAUL A. CROTTY, United States District Judge:

    Plaintiff Martin Schnall ("Plaintiff") claims Defendant HSBC Bank Nevada, N.A. ("HSBC") violated the Truth in Lending Act ("TILA") and Regulation Z thereto by failing to include the fees and interest charges accrued in the billing cycles ending in January and February 2010 in the year-to-date amounts disclosed in the monthly statements for the billing periods from March through December 2010, and seeks to represent all holders of credit card accounts issued by HSBC from December 7, 2010 to the present who received account statements with these allegedly inaccurate disclosures. On July 12, 2012, HSBC moved to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 7.)

    For the reasons set forth below, HSBC's motion to dismiss is GRANTED.

## BACKGROUND

**A.    Facts**

    The following factual allegations, which are assumed to be true for the purposes of the motion to dismiss, are drawn from Plaintiff's Complaint. Litwin v. Blackstone Grp., L.P., 634 F.3d 706, 708 (2d Cir. 2011). Plaintiff is "the holder of an HSBC Card, a credit card account issued by HSBC." (Compl. ¶ 12, ECF No. 1.) In 2010, HSBC sent Plaintiff monthly statements for this account. (Id. ¶ 13; see id. Ex. A.) The January 4, 2010 and February 4, 2010 statements differed in format from the statements for the remainder of the year. Each of the subsequent

monthly statements contained a disclosure titled "2010 Total Year to Date," which included amounts for "Total fees charged in 2010" and "Total interest charged in 2010." (See id. Ex. A at Schnall 006, 008, 010, 012, 014, 016, 018, 020, 022, 024.) The January and February 2010 statements did not contain this disclosure. (See id. Ex. A at Schnall 001–004.) In addition, the monthly statements HSBC sent Plaintiff for each of the billing cycles ending in March through December 2010 included the cumulative fees and interest charges incurred from March 2010 to the date of the statement, but did not include the fees and interest charges incurred in the billing cycles that ended in January and February 2010 in these amounts. (Id. ¶ 34; see id. Ex. A at Schnall 006, 008, 010, 012, 014, 016, 018, 020, 022, 024.)

### B. The Truth in Lending Act, Regulation Z, and Year-to-Date Disclosures

TILA was enacted in order to promote consumers' "informed use of credit" by requiring "meaningful disclosure of credit terms." 15 U.S.C. § 1601(a); Chase Bank USA, N.A. v. McCoy, 131 S.Ct. 871, 874 (2011). TILA authorized the Board of Governors of the Federal Reserve System (the "Board") to issue regulations to achieve TILA's purposes. McCoy, 131 S.Ct at 874; see 15 U.S.C. § 1604(a).[1] Pursuant to this authority, the Board promulgated Regulation Z, which requires credit card issuers to disclose certain information to consumers. McCoy, 131 S.Ct at 874; see 12 C.F.R. § 226.1.

Regulation Z currently requires the disclosure of incurred year-to-date interest charges and fees in each periodic statement provided to consumers. 12 C.F.R. § 226.7(b)(6)(ii)–(iii). This requirement was promulgated as an amendment to Regulation Z and published by the Board on January 29, 2009, with an effective date of July 1, 2010. See 74 Fed. Reg. 5244, 5326 (Jan.

---

[1] As part of the Consumer Financial Protection Act of 2010, Congress transferred this authority to the Bureau of Consumer Financial Protection, effective July 21, 2011. See 12 U.S.C. §§ 5581(b)(1), (d); 75 Fed. Reg. 57252 (Sept. 20, 2010). The Board had regulatory authority under TILA during the relevant time frame for this action.

29, 2009).  On May 22, 2009, the Credit Card Accountability Responsibility and Disclosure Act of 2009 (the "Credit Card Act") was signed into law.  Pub. L. No. 111-24, 123 Stat. 1734 (2009).  The Credit Card Act amended TILA and established new disclosure requirements, several of which were similar to provisions in the Board's January 2009 Regulation Z rules, while others concerned issues not addressed by the Board.  See 75 Fed. Reg. 7658, 7658 (Feb. 22, 2010).

In light of the "[m]any . . . provisions of the Credit Card Act [that were] closely related to the provisions of the January 2009 Regulation Z Rule . . . [and f]or consistency with the Credit Card Act" and its provisions that became effective on February 22, 2010, the Board moved up the effective date of its Regulation Z amendments to February 22, 2010 as well.  Id. at 7659.  The creditor community commented that this earlier date would be burdensome in light of operational issues and the allocation of resources for the previously announced July 1, 2010 date; in response, the Board modified its schedule, "generally retaining a July 1, 2010 mandatory compliance date for those provisions originally adopted in the January 2009 Regulation Z Rule that are not requirements of the Credit Card Act," including the disclosure of year-to-date fees and interest charges.  Id. at 7659–60.

As it had when it adopted the rules in January 2009, the Board continued to "recognize[] that a creditor may wish to comply with certain provisions of the final rule for periodic statements that are mailed prior to July 1, 2010," and instructed that

> [a] creditor may phase in disclosures required on the periodic statement under the final rule that are not currently required prior to July 1, 2010.  A creditor also may generally omit from the periodic statement any disclosures that are not required under the final rule prior to July 1, 2010.  Id. at 7781; see 74 Fed. Reg. at 5389.

The Board further provided that

> For periodic statements mailed on or after July 1, 2010, fees and interest charges must be disclosed for the statement period and year-to-date.  For the year-to-date figure, creditors comply with the final rule by aggregating fees and interest

charges beginning with the first periodic statement mailed on or after July 1, 2010.  The first statement mailed on or after July 1, 2010 need not disclose aggregated fees and interest charges from prior cycles in the year.  75 Fed. Reg. at 7781; see 74 Fed. Reg. at 5389.

### C.    Plaintiff's Claims

Plaintiff filed his Complaint on December 7, 2011.  (See Compl. at 10.)  Plaintiff claims HSBC violated Regulation Z's disclosure requirement for incurred year-to-date fees and interest charges because the monthly statement dated December 7, 2010 included calculations of fees and interest charges incurred in the billing cycles from March through December 2010, but excluded the fees and interest charges that accumulated in the January and February 2010 billing cycles.  (Id. ¶¶ 34–35.)  Plaintiff seeks to certify a class of all holders of HSBC credit card accounts from December 7, 2010 to the present who received account statements with allegedly inaccurate year-to-date figures for fees and interest charges.  (Id. ¶ 16.)  Plaintiff requests only statutory damages and does not allege or seek actual damages.  (Id. ¶¶ 1, 36.)

## DISCUSSION

### I.    LEGAL STANDARDS FOR A MOTION TO DISMISS

Federal Rule of Civil Procedure 12(b)(6) requires Plaintiff to "provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief about the speculative level.'" ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  This requires Plaintiff to allege "'enough facts to state a claim to relief that is plausible on its face.'" Starr v. Sony BMG Music Entm't, 592 F.3d 314, 321 (2d Cir. 2010) (quoting Twombly, 550 U.S. at 570)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  The Court accepts as true all well-pleaded factual allegations and

4

draws all inferences in Plaintiff's favor.  See Allaire Corp. v. Okumus, 433 F.3d 248, 249–50 (2d Cir. 2006).  In evaluating a motion to dismiss, the Court "may consider any written instrument attached to the complaint, statements or documents incorporated into the complaint by reference . . . and documents possessed by or known to the plaintiff and upon which [he] relied in bringing the suit." ATSI, 493 F.3d at 98.  In addition, "[i]t is well established that a district court may rely on matters of public record in deciding a motion to dismiss under Rule 12(b)(6)." Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 75 (2d Cir. 1998).

## II.     HSBC COMPLIED WITH TILA AND REGULATION Z

The Complaint must be dismissed because the monthly statements HSBC provided to Plaintiff complied with Regulation Z as implemented and interpreted by the Board.  The only plausible reading of the Board's February 2010 action is that creditors including the year-to-date disclosures prior to the July 1, 2010 mandatory compliance date had the option to include the cumulative incurred fees and interest from billing cycles prior to this date, but were not required to include the amounts from such periods.  In light of Congress's delegation of authority to the Board to promulgate rules pursuant to TILA, and the substantial deference given to the Board to construe its own regulations, see Ford Motor Credit Co. v. Milhollin, 444 U.S. 555, 559–60, 566 (1980), the Court defers to the Board's February 2010 direction to creditors on how to comply with Regulation Z and finds the statements at issue here in compliance with that direction.

Plaintiff's interpretation of the Board's February 2010 action leads to the illogical conclusion that the Board, acting in response to creditor concerns about the advanced effective date, gave creditors only two options: (1) wait until July 1, 2010 to begin providing year-to-date disclosures and aggregate the fees and interest charges starting from the first periodic statement mailed on or after July 1, 2010, or (2) begin providing year-to-date disclosures at any time prior

to July 1, 2010, but aggregate all fees and interest charges from the beginning of 2010.  This interpretation is nonsensical and ignores that the Board maintained the July 1, 2010 mandatory compliance date as an accommodation to creditors who had allocated resources to begin complying with the year-to-date disclosures on this date and who were not required to compile and disclose year-to-date numbers prior to July 1, 2010.  See 75 Fed. Reg. at 7659 ("For some creditors, it may be impossible to implement these provisions by February 22, 2010.").  This interpretation further disregards that the Board allowed creditors to "phase in" disclosures under the final rule that were not required prior to July 1, 2010, and contradicts the logic in allowing creditors to comply with the final rule by aggregating fees and interest charges beginning with the first periodic statement mailed after the mandatory compliance date.  Id. at 7781.

The Court will not ascribe such an irrational meaning to the Board's action and finds Plaintiff's interpretation implausible.  See Milhollin, 444 U.S. at 565.  Accordingly, the Court concludes that HSBC complied with the Board's February 22, 2010 direction by aggregating the fees and interest charges in the year-to-date disclosures beginning with the billing cycle ending in March 2010, when it first included the year-to-date disclosures.

### III.   TILA DOES NOT AUTHORIZE STATUTORY DAMAGES FOR PLAINTIFF'S CLAIM

Even if the Court adopted Plaintiff's interpretation of the Board's February 22, 2010 action, the Complaint must still be dismissed for failure to state a claim for relief.  Plaintiff does not seek actual damages, but only statutory damages, which are available for violations of certain TILA provisions Congress identified in 15 U.S.C. § 1640(a).[2]  The parties agree that, under the

---

[2]  15 U.S.C. § 1640(a) provides that

> [i]n connection with the disclosures referred to in subsections (a) and (b) of section 1637 of this title, a creditor shall have a liability determined under paragraph (2) [the provision for statutory damages] only for failing to comply with the requirements of section 1635,

plain language of TILA, a violation of 15 U.S.C. § 1637(b)(4) gives rise to statutory damages. Section 1637(b)(4) requires that each billing statement for an open end consumer credit plan, like the credit card here, provide "[t]he amount of any finance charge added to the account during the period, itemized to show the amounts, if any, due to the application of percentage rates and the amount, if any, imposed as a minimum or fixed charge." Plaintiff does not allege that HSBC violated this statute, but argues that 12 C.F.R. § 226.7(b)(6) implements 15 U.S.C. § 1637(b)(4), and thus a failure to comply with this regulatory provision gives rise to statutory damages.

      Plaintiff, however, does not provide any support for the conclusory assertion that the year-to-date disclosures of 12 C.F.R. § 226.7(b)(6)(ii)–(iii) implement 15 U.S.C. § 1637(b)(4). In a case presenting similar issues, the court determined that the relevant provision of Regulation Z implemented a section of TILA where in Regulation Z "the Board deal[t] specifically with the disclosure of periodic rates in the periodic statements in almost identical language to the statute." Schuster v. Citibank (South Dakota), N.A., No. 00 Civ. 5940 (LMM), 2002 WL 31654984, at *4 (S.D.N.Y. Nov. 21, 2002); see Schnall v. Marine Midland Bank, 225 F.3d 263, 266 (2d Cir. 2000) (identifying 12 C.F.R. § 226.7(d) as "corresponding regulation" for 15 U.S.C. § 1637(b)(5) where both required the same disclosure in substantially similar language). However, 12 C.F.R. § 226.7(b)(6)(ii)–(iii) is not identical or substantially similar to 15 U.S.C. § 1637(b)(4) or any other section of TILA, which does not itself expressly require the year-to-date disclosures.

      Nor did the portion of the January 2009 Board action discussing the year-to-date disclosures specifically identify 15 U.S.C. § 1637(b)(4) as the TILA provision pursuant to which this requirement was promulgated. See 74 Fed. Reg. at 5324–26. The Board discussed 12 C.F.R. § 226.7(b)(6)(ii)–(iii) in the context of 15 U.S.C. § 1637(b)(4), but only with regards to

---

      1637(a) of this title, or any of paragraphs (4) through (13) of section 1637(b) of this title[.]

the itemizing of finance charges as attributable to interest, by transaction, labeled as such, and the requirement for a total interest charge for the statement period to be identified as such, as required by the statutory provision.  See 74 Fed. Reg. at 5324–26.  In contrast, the subsequent discussion of the year-to-date disclosures conspicuously lacked citation to a specific or corresponding provision of TILA pursuant to which this requirement was promulgated.  See id.; see also 72 Fed. Reg. 32948, 32995–96 (June 14, 2007) (proposed rule).

      The Court is further guided by the decision in Kelen v. World Fin. Network Nat'l Bank, 763 F. Supp. 2d 391 (S.D.N.Y. 2011).  In Kelen, the plaintiff sought only statutory damages for a violation of Regulation Z that required certain terms be more conspicuous than others.  The section of TILA that corresponded to this requirement was not included in the list of provisions under 15 U.S.C. § 1640(a) for which statutory damages are available.  Id. at 393–94.  The court rejected the plaintiff's argument that the Regulation Z provision at issue was actually an implementation of a different TILA section that did give rise to statutory damages, ruling that this section did not itself mandate the "more conspicuous" requirement that the Regulation Z provision did, and that "to allow the recovery of statutory damages for a violation thereof[] would be to flaunt congressional intent."  Id. at 394.  Similarly, the court rejected the plaintiff's argument that the alleged violation of Regulation Z could support a claim for statutory damages where the regulation imposed a rule not expressly required by TILA, holding that "this argument ignores the plain language of § 1640(a), which explicitly limited the avenues for recovery of statutory damages under TILA."  Id.; see also Brown v. Payday Check Advance, Inc., 202 F.3d 987, 992 (7th Cir. 2000) (holding that "§ 1640(a) means what it says, that 'only' violations of the subsections specifically enumerated in that clause support statutory damages").

The Court declines to expand the scope of 15 U.S.C. § 1640(a) in this case, when the Regulation Z provision at issue was not clearly promulgated pursuant to one of the subsections Congress specifically identified as giving rise to statutory damages. See Kelen, 763 F. Supp. 2d at 394; Warburton v. Foxtons, Inc., No. 04 Civ. 2474 (FLW), 2005 WL 1398512, at *9 (D.N.J. June 13, 2005) ("Courts have held that statutory damages pursuant to § 1640(a) are only available for the items specifically referenced in that section of the statute."). Accordingly, the Court holds that Plaintiff cannot seek statutory damages for HSBC's violation of 12 C.F.R. § 226.7(b)(6) (ii)–(iii) as alleged in this action, and dismisses Plaintiff's Complaint for failure to state a claim to relief.[3] See Kelen, 763 F. Supp. 2d at 395. Contrary to Plaintiff's protestations, this ruling is not equivalent to a "blanket prohibition" of statutory damages for all violations of Regulation Z, but is limited solely to the specific section of TILA and provision of Regulation Z at issue here and in the context of this case.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is GRANTED. The Clerk of Court is directed to close the motion at docket number 7 and enter judgment for Defendant.

Dated: New York, New York
March 18, 2013

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge

---

[3] Because the Court concludes that Plaintiff has failed to state a claim for relief, it need not determine whether Plaintiff's claim is timely under TILA's limitations period.